UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY AMATO,

    Petitioner,

vs.

GREG SMITH, *et al.*,

    Respondents.

3:10-cv-00670-LRH-VPC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 8).

**I. Procedural History**

On March 20, 2002, petitioner was convicted, pursuant to a jury trial, of burglary (Count I), first-degree murder with the use of a deadly weapon (Count II), robbery (Count III), grand larceny auto (Count IV), fraudulent use of a credit card (Count V), and possession of a stolen vehicle (Count VI). (Exhibit 43).[1] Count VI was dismissed by way of stipulation, and the trial court sentenced petitioner as follows: 1-10 years on Count I; two consecutive terms of 20 years to life on Count II; 2-15 years on Count III; 1-5 years on Count IV; and 1-4 years on Count V. (*Id.*). Counts I through IV were to run concurrently and Count V was to run consecutively to Counts I through IV. (*Id.*).

Petitioner appealed his conviction. (Exhibit 44). Due to an incomplete record, specifically, a court reporter's failure to produce transcripts of the trial, by order filed April 2, 2004, the Nevada

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 9-12.

Supreme Court issued an order directing the state district court to reconstruct the record pursuant to NRAP 9(d). (Exhibit 51). Following state district court proceedings, petitioner's opening brief was filed on March 13, 2008. (Exhibit 84). On June 30, 2009, the Nevada Supreme Court issued an order of affirmance. (Exhibit 90).

On December 11, 2009, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 97). The state district court denied the petition. (Exhibit 100). Petitioner appealed pro per from the denial of his state habeas petition. (Exhibit 101). On September 10, 2010, the Nevada Supreme Court entered an order of affirmance. (Exhibit 105). Remittitur issued on October 7, 2010. (Exhibit 106).

Petitioner dispatched his federal habeas petition to this Court on October 18, 2010. (ECF No. 6, at p. 1). Respondents have filed a motion to dismiss. (ECF No. 8). Petitioner filed a response. (ECF No. 14). Respondents filed a reply. (ECF No. 15).

**II. Discussion**

    **A. Ground One**

Petitioner claims that his trial counsel was ineffective for failing to (a) cross-examine detective James Vaccaro and (b) obtain a defense expert to challenge testimony of the medical examiner. (Federal Petition, at pp. 3-4). Respondents claim that Ground One is unexhausted.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

1  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To
2  achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims
3  under the United States Constitution" and given the opportunity to correct alleged violations of the
4  prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); see *Hiivala v. Wood,* 195 F.3d
5  1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear
6  instruction to potential litigants: before you bring any claims to federal court, be sure that you first
7  have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*
8  *v. Lundy,* 455 U.S. 509, 520 (1982)).

9        A claim is not exhausted unless the petitioner has presented to the state court the same
10  operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*
11  *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met
12  when the petitioner presents to the federal court facts or evidence which place the claim in a
13  significantly different posture than it was in the state courts, or where different facts are presented at
14  the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.
15  1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.
16  Supp. 455, 458 (D. Nev. 1984).

17        In the instant case, petitioner raises two claims of ineffective assistance of counsel in Ground
18  One: counsel's failure to cross-examine detective James Vaccaro and counsel's failure to obtain a
19  defense expert to challenge testimony of the medical examiner.  (Federal Petition, at pp. 3-4).
20  Petitioner raised these two claims of ineffective assistance of counsel in his state habeas petition.
21  (Exhibit 97, at pp. 8-8(A)).  Respondents argue that petitioner's federal claims contain additional
22  factual allegations that render the federal claims unexhausted.

23        As to the claim that counsel failed to cross-examine detective Vaccaro, petitioner's state
24  habeas petition simply alleged: "Counsel failed to cross examine detective James Vaccaro on a self
25  defense theory on being attacked."  (Exhibit 97, at p. 8).  In the federal petition on this same claim,
26  petitioner's allegations include an additional paragraph containing more details, specifically: "If
27  crossed [sic] examined Detective Vaccaro would of testified that the victim had money and jewelry
28  on his person plus he would of testified that during his 2 hour interrigation [sic] he never

3

1 mention[ed] anything about robbery . . . therefore the first degree murder conviction based upon a
2 robbery would of been chalanged [sic] and a charge of manslaughter would of been warranted . . ."
3 (Federal Petition, at p. 3). Although petitioner asserts the same theory in his federal petition – that
4 counsel failed to cross-examine detective Vaccaro – he presents additional operative facts in his
5 federal petition, rendering this claim unexhausted. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.
6 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.
7 Supp. 455, 458 (D. Nev. 1984).

8       As to the claim that counsel failed to obtain a defense expert to challenge the testimony of the
9 state's medical examiner, petitioner's state habeas petition alleged: "Counsel was ineffective by not
10 presenting defense expert witness to oppose or rebutt [sic] [the] states medical examiners testamony
11 [sic]. (Exhibit 97, at p. 8A). In the federal petition, petitioner alleges an additional paragraph of
12 facts explaining what a defense expert witness would have testified to in order to rebut the state's
13 medical examiner, as follows: "If Mr. Amato's trial counsel would of obtained an expert witness he
14 would of testified that the rock was never moved by Mr. Amato (see photos) therefore the theory of
15 hit[ting] the victim on the back of the head would of had no meritt [sic] toward first degree murder
16 plus he would of proved based (upon blood evidence on the rock) that the victim's head hit on top of
17 the rock causing the laterations [sic] on the back of the victims head." (Federal Petition, at p. 4).
18 Although petitioner asserts the same theory in his federal petition – that counsel failed to obtain a
19 defense expert to challenge the testimony of the state's medical examiner – he presents additional
20 operative facts in his federal petition, rendering this claim unexhausted. *See Nevius v. Sumner,* 852
21 F.2d 463, 470 (9th Cir. 1988). The entirety of Ground One of the federal habeas petition is
22 unexhausted.

23       **B. Grounds Two and Three**

24       Respondents argue that Grounds Two and Three of the federal petition are conclusory and
25 must be summarily dismissed on that basis.

26       In Ground Two, petitioner claims that his due process rights were infringed by the loss of the
27 trial record and its subsequent reconstruction. (Petition, at pp. 6-7). Petitioner alleges that his due
28 process rights were violated because the reconstruction of the record prevented him and his counsel

from identifying all available issues on appeal. (Petition, at pp. 6-7). Petitioner alleges that the jury instructions were not reconstructed, in particular, with regard to self defense and defense of others. (*Id.*, at p. 6). Petitioner further alleges that objections, discussions, and legal determinations were made at trial that were not part of the reconstructed record. (*Id.*, at pp. 6-7). Petitioner alleges that these issues are important to the issue of self-defense and that because the reconstructed records lack this information, his due process rights were violated. (*Id.*, at p. 7). This Court does not deem petitioner's allegations to be so conclusory that dismissal at this juncture is appropriate. The issues raised in Ground Two must proceed to a decision on the merits in this Court, under applicable federal law governing the unavailability of transcripts and how this may have prejudiced petitioner's rights on appeal. *See Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989) (citing *Britt v. North Carolina*, 404 U.S. 226, 227-228 (1971)).

In Ground Three, petitioner claims that the reconstruction of the trial record violated his right to the effective assistance of appellate counsel. (Petition, at pp. 9-10). Petitioner alleges that the unavailability of an accurate record on appeal handicapped appellate review. Specifically, petitioner argues that his appellate counsel was unable to challenge the sufficiency of the evidence on appeal because the testimony of detective Vaccaro and defense witness Diane Millard was missing from the reconstructed record. (*Id.*, at p. 9). This Court does not deem petitioner's allegations in Ground Three to be conclusory. The issues raised in Ground Three must proceed to a decision on the merits in this Court, under applicable federal law governing the unavailability of transcripts and how this may have prejudiced petitioner's rights on appeal. *See Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989) (citing *Britt v. North Carolina*, 404 U.S. 226, 227-228 (1971)).

**C. Petitioner's Options Regarding Unexhausted Ground One**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that the claims raised in Ground One of the federal habeas petition are unexhausted. Because the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

5

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 8) is **GRANTED IN PART, AND DENIED IN PART,** as follows:

1. All claims raised in Ground One of the federal habeas petition are unexhausted.

2. Grounds Two and Three of the petition are not conclusory and are not dismissed on that basis.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted Ground One, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to Grounds Two and Three of the federal habeas petition. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that if respondents file an answer, petitioner shall have **thirty (30) days** from the date being served with the answer to file a reply brief.

DATED this 23rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE